# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**KIMBERLY CROSBY**                                                          **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.**     3:19-cv-18-HTW-LRA

**FEDEX FREIGHT, INC.**                                              **DEFENDANTS**

## <u>NOTICE OF REMOVAL</u>

TO:    John H. Ott, Esq.
         Todd B. Ott, Esq.
         OTT LAW FIRM
         Post Office Box 1684
         McComb, MS 39649

         Joshua P. Ginn
         Attorney at Law
         567 Highway 51, Suite C
         Ridgeland, MS 39157

         **ATTORNEYS FOR PLAINTIFF**

         Anita E. Wray
         Madison County Circuit Clerk
         Post Office Box 1626
         Canton, MS 39046

         **MADISON COUNTY CIRCUIT CLERK**

Please take notice that FedEx Freight, Inc., Defendant in this action, appears specially (so as to reserve any and all defenses including, without limitation, those available under Rule 12 of the Federal Rules of Civil Procedure) and file this, its Notice of Removal of this action from the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and in support hereof, would respectfully show as follows:

1. Plaintiff, Kimberly Crosby ("Plaintiff") originally commenced this action on May 10, 2017, by filing a Complaint against Federal Express Corporation in the Circuit Court of Hinds County, Mississippi, No. 25CI1:17-cv-00285-TTG, alleging a cause of action for negligence arising from a motor vehicle accident occurring on or about on December 7, 2016, on Interstate 55 at or near the intersection of Sowell Road in Canton, Madison County, Mississippi. See *Exhibit "A"* hereto.  By Order dated June 29, 2017, this action as transferred to the Circuit Court of Madison County, Mississippi. See *Exhibit "B"* hereto.  Thereafter, the Circuit Court of Madison County entered an Agreed Order allowing the Plaintiff "to file an Amended Complaint naming FedEx Freight, Inc., as the Defendant, herein, with all claims against Federal Express Corporation being dismissed. See *Exhibit "C"* hereto.

2. Plaintiff filed her Amended Complaint against FedEx Freight, Inc., on November 14, 2018.  A true and correct copy of the Plaintiff's Amended Complaint against FedExFright, Inc., is attached as *Exhibit "D"* hereto.  The Plaintiff subsequently caused a Summons to be issued by the Madison County Circuit Clerk to FedEx Freight, Inc. on December 11, 2018, which was subsequently served on its counsel of record. See *Exhibit "E"* hereto.

3. As set forth in her Amended Complaint, Plaintiff seeks to recover a variety of damages, "including but not limited to: damage to her vehicle; loss of use of her vehicle; past and present pain and suffering; and all medical expenses incurred as a result of her injuries." See *Exhibit "D"* hereto, at ¶ 5.

4. Pursuant to 28 U.S.C. § 1332, it is facially apparent from Plaintiffs' Complaint that the amount in controversy in this matter exceeds the sum of $75,000.00.  As set forth above, Plaintiff seeks a variety of damages, including medical bills, past and present pain and suffering, as well as property damages for damage and loss of use of her vehicle. See *Exhibit "D"* hereto,

at ¶ 5. Given these allegations, it is clear that the amount in controversy exceeds the jurisdictional limit of this Court. See *Colony Ins. Co. v. Ropers of Hattiesburg, LLC,* 2011 WL 1226095, * 3 (S.D. Miss. March 29, 20111) (holding that "compensatory damages sought in the underlying tort suits also would most probably result in the amount in controversy requirement being met," where such sought damages for "past and future medical expenses; past and future lost wages; past and future physical pain and suffering; and past and future emotional distress and anxiety."); *Anderson v. Wells Fargo Bank, NA*, 2015 WL 4775356, * 2 (S.D. Miss. August 13, 2015) ("Likewise, Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'") (quoting *Holmes v. Citifinancial Mortgage Co., Inc.*, 436 F.Supp.2d 829, 832 (N.D. Miss. 2006)); see also *Steilberg v. Bradley*, 2016 WL 1455454, * 2 (S.D. Miss. April 12, 2016); *Jenkins v. Kellogg Co.*, 2009 WL 2005162, * 4 (N.D. Miss. July 6, 2009) (finding that amount in controversy was satisfied where plaintiff sought damages for "medical expenses, mental anguish, emotional distress, pain and suffering, and lost wages."). Additionally, Plaintiff's counsel has orally advised that he believes the value of the case to be equal to or in excess of $100,000.00. See *Jenkins v. Kellogg Co.*, 2009 WL 2005162, * 4 (N.D. Miss. July 6, 2009) (holding that defendants "have satisfactorily proven that the amount in controversy exceeds $75,000" based, at least in part, on plaintiff's settlement demand in excess of jurisdictional limit).

    5.    This civil action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), in that the controversy giving rise to this civil action is properly between citizens of different states and wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. As set forth in the Amended Complaint, Plaintiff "is an adult resident citizen of the State of Mississippi residing in Hinds County, Mississippi." See *Exhibit "D"* hereto, at ¶ 1.

7. As set forth in the attached Declaration of John Hicks, a Senior Analyst-Liability Claims, FedEx Freight, Inc., is incorporated in the State of Arkansas, and has a principal address and place of business located at 2200 Forward Drive, Harrison, Arkansas, 72601. See *Exhibit "F"* hereto.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A. *This Case Is Properly Removable*

8. This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have original jurisdiction, [2] may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a) (emphasis added).

9. As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between … citizens of different States. …

28 U.S.C. § 1441(a)(1).

10. Additionally, the United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state

court where this suit is currently pending; specifically, the Circuit Court of Madison County, Mississippi.

### B. *This Removal Is Timely*

11. Pursuant to 28 U.S.C. §1446 (b)(1), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … ." 28 U.S.C. §1446 (b)(1).

12. Defendant, FedEx Freight, Inc., was served with process in this matter on or about December 11, 2018, the date the Summons was issued to FedEx Freight, Inc., by the Circuit Court of Madison County. See *Exhibit "E"* hereto. Thus, as FedEx Freight, Inc., is removing this case within thirty (30) days of service of the Summons and Amended Complaint in this matter, removal is timely pursuant to 28 U.S.C. §1446 (b)(1). See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56, 119 S.Ct. 1322, 1328-1330 (1999) (30-day period for removal runs from service of summons).

### C. *Required Documents And Notice To Clerk Given*

13. Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" Defendant, FedEx Freight, Inc., which to date consists of the Summons and Amended Complaint, are attached collectively as *Exhibit "E"* hereto. Pursuant to L.U.Civ.R. 5(b)(1), a true and correct certified copy of the entire Circuit Court file is attached as *Exhibit "G"* hereto, and is also being filed in the format required by this Court's Administrative Procedures for Electronic Case Filing simultaneously herewith.

14. Additionally, contemporaneous with the filing of this Notice of Removal, Defendants are filing a copy of the same with the Clerk of the Circuit Court of Madison County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## DIVERSITY JURISDICTION EXISTS

15. As explained below, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

  *A.* *Diversity Of Citizenship Exists*

16. As set forth in the Complaint, the Plaintiff is an adult resident citizen of Hinds County, Mississippi. See *Exhibit "A"* hereto, at ¶ 1.

17. As confirmed in the attached Declaration of John Hicks, FedEx Freight, Inc., is incorporated in the State of Arkansas, and has a principal address and place of business located at 2200 Forward Drive, Harrison, Arkansas, 72601. See *Exhibit "F"* hereto.

18. There are no further parties to this suit beyond the Plaintiff and Defendant, FedEx Freight, Inc. Because the Plaintiff is a resident citizen domiciled in the State of Mississippi, and because Defendant, FedEx Freight, Inc. , is a citizen/domicile of a state other than Mississippi, there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).

  *B.* *Amount In Controversy Met*

19. The Plaintiff's Amended Complaint expressly seeks damages for medical bills, past and present pain and suffering, as well as property damages for damage and loss of use of her vehicle. See *Exhibit "D"* hereto, at ¶ 5. Based on these allegations, it is facially apparent from the Amended Complaint that the amount in controversy exceeds the jurisdictional limit of this Court. See *Colony Ins. Co.,* 2011 WL 1226095 at * 3 ("compensatory damages sought in the

underlying tort suits also would most probably result in the amount in controversy requirement being met," where such sought damages for "past and future medical expenses; past and future lost wages; past and future physical pain and suffering; and past and future emotional distress and anxiety."); *Anderson*, 2015 WL 4775356 at * 2 ("Likewise, Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.'") (quoting *Holmes*, 436 F.Supp.2d at 832). Moreover, Plaintiff's counsel has represented that he possesses a belief that value of the case equals or exceeds $100,000.00. See *Jenkins*, 2009 WL 2005162 at * 4.

C. *Rule of Unanimity Inapplicable*

20. As FedEx Frieght is the sole remaining Defendant, the rule of unanimity is inapplicable.

21. FedEx Frieght, Inc., reserves the right to amend or supplement this Notice of Removal as warranted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, FedEx Freight, Inc., requests that this Court proceed with adjudication of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Madison County, Mississippi, be hereby stayed.

Respectfully submitted, this the 9th day of January, 2019.

**FEDEX FREIGHT, INC.**

By: /s/ Leo J. Carmody, Jr.
    Stuart Robinson, Jr. (MSB No. 5624)
    Leo J. Carmody, Jr. (MSB No. 100738)

**OF COUNSEL**:

**WELLS, MARBLE & HURST, PLLC**
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157

Mailing Address:
Post Office Box 131
Jackson, MS 39205-0131

Ph: (601)605-6900
Fax: (601)605-6901
E-Mail:srobinson@wellsmarble.com

Post Office Box 2477
Oxford, MS  38655

Ph: (662) 236-1500
Fax: (662) 236-2374
Email: lcarmody@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Leo J. Carmody, Jr., hereby certify that I have served, via United States first-class mail, postage prepaid, a true and correct copy of the above and foregoing Notice of Removal to:

John H. Ott, Esq.
Todd B. Ott, Esq.
OTT LAW FIRM
Post Office Box 1684
McComb, MS 39649
ottesq@bellsaouth.net
toddbott@bellsouth.net

Joshua P. Ginn
Attorney at Law
567 Highway 51, Suite C
Ridgeland, MS 39157
jpginn@gmail.com

**ATTORNEYS FOR PLAINTIFF**

SO CERTIFIED, this the 9th day of January, 2019.

> */s/ Leo J. Carmody, Jr.*
> Leo J. Carmody, Jr.